WARD and wife, Respondents, vs. HAUSMANN and others, imp., Appellants.

*April 4—October 14, 1930.*

180

For the appellants there was a brief by *Paul, Ebert & Paul* of Milwaukee, and oral argument by *Harold H. Paul.*

For the respondents there was a brief by *Lenicheck, Boesel & Wickhem,* and oral argument by *H. A. Kovenock,* all of Milwaukee.

The following opinion was filed June 11, 1930:

OWEN, J.   The judgment rendered in this action on the 25th day of April, 1925, restrained the then owners of lots numbered 1 and 2 in block numbered 6 in the re-subdivision of blocks numbered 5, 6, 7, and 8 in Newberry Boulevard Addition of the Eighteenth ward of the city of Milwaukee, and those claiming under them, from continuing the construction, erection, completion, maintenance, and keeping of any building other than a private residence or dwelling on such premises, and commanded them to conform the apartment building then in the course of construction on the said premises to a private residence or dwelling, within three months from the date of the judgment, or remove said building from said premises.   This judgment was affirmed by this court on the 12th day of January, 1926.   *Ward v.*

*Prospect Manor Corporation,* 188 Wis. 534, 206 N. W. 856. Until the institution of these proceedings, nothing was done to enforce the judgment. The building stood in its uncompleted condition.

On the 29th day of May, 1929, J. N. Hausmann and Cleta H. Hausmann, his wife, acquired title to the property. On or about the 23d day of August, 1929, said J. N. Hausmann, in the name of Jeanette V. Irwin, his mother-in-law, applied for and secured a building permit from the city of Milwaukee to alter and complete the building on said premises. The permit authorized the alteration and completion of the building for a rooming house. This designation was applied to the building, however, by the building inspector of the city of Milwaukee. Hausmann then proceeded with the alteration and completion of the building in accordance with certain plans, introduced in evidence. Such plans called for a living room, dining room, kitchen, sitting room, library, sewing room, five bedrooms with three baths, and a storage room on the first floor. They also provided for a playing room, sewing room, four storage rooms and three suites, each consisting of a bedroom, dressing room, and bath room on the second floor.

The court found that a building constructed according to these plans "is not a private residence or dwelling house, either as to plans, construction, type, or use, nor intended as and for a private residence or dwelling, but is planned and being rearranged, altered, constructed, and completed for use and occupancy as and for a rooming house, contrary to the mandate and judgment of the said circuit court, and the rearrangement of the building is not a compliance with the judgment of said court." It then found that the activities of J. N. Hausmann, Cleta H. Hausmann, and Jeanette V. Irwin in attempting a completion of the building in accordance with such plans amounted to a contempt, required them to pay the plaintiffs the sum of $261.40, and

further required them, within fifteen days, to begin to destroy and remove permanently the building and to complete the work of destruction and removal within sixty days thereafter, and to permanently cease, desist, and refrain from further continuing to plan, rearrange, construct, alter, and complete said building upon the said premises.

The appellants are bound by that provision of the decree which restrains the erection of any building other than a private residence or dwelling on such premises. That provision of the decree applies to those claiming under the then owners of the premises. If they were guilty of contempt it is because they violated this provision of the decree. They claim, however, that the plans under which they were working conformed the building to a private residence or dwelling. Although the time within which the original owners were permitted to do this was limited to three months from the date of the judgment, this was for the purpose of giving the plaintiffs the relief to which they were entitled. After the expiration of three months they could have applied to the court to have the judgment executed. As they did not see fit to make any attempt to execute the judgment until after the property changed hands and until the present owners commenced their operations, the plaintiffs' rights are now limited to the question of whether the completion of the building as proposed violates the decree or the restrictive covenant.

If the proposed building, when completed, is a private residence or dwelling, there seems to be no reason for interfering with the defendants' plans. Whether the plans call for a private dwelling is not to be determined by the size of the structure or by the immediate needs of Mrs. Irwin's family. It is plain that the building is to be devoted to dwelling purposes. It is also plain that it is to be private, as distinguished from public, in its use. It is also plain that it is not appropriate for use by more than one family unit.

There is but one kitchen, one dining room, one living room, one sitting room, etc. That it will afford accommodations for a large family is neither material nor significant upon the question of whether in fact it is a private dwelling or residence. If it were owned by a man of wealth and of large family no one would question its character as a private residence because of its size. Whether a private residence loses its character as such because some of its rooms are rented we are not called upon to consider. The completion of this building cannot be enjoined unless it can now be said affirmatively that the building is something other than a private dwelling or residence.

The restrictive covenant to which the title to this property is subject provides that no building erected upon said premises shall be used or occupied for any other purpose than a private residence or dwelling house. The use of the building for any purpose other than a private residence or dwelling house may be enjoined when such use is established. Until that time arrives we have no occasion to consider just how far the renting of rooms by the owner of a residence changes the character of his property. It is sufficient now to say that the evidence does not establish the fact that the completion of this building according to the proposed plans and specifications is for some use other than a private residence or dwelling.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded with instructions to dismiss the proceedings.

A motion for a rehearing was denied, with $25 costs, on October 14, 1930.